IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNIE LEE BUTLER,

      Plaintiff,                    No. CIV S-03-0903 MCE KJM P

    vs.

JOHN DOVEY,[1]
Director of the California
Department of Corrections,

      Defendant.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se and in forma pauperis with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff sues the Director of the California Department of Corrections in his official capacity, and seeks injunctive and declaratory relief. Before the court is defendant's November 5, 2004 motion for summary judgment.

I. <u>Summary Judgment Standard</u>

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[1] Under Federal Rule of Civil Procedure 25(d)(1), John Dovey is hereby substituted as the defendant in this action for Jeanne Woodford.

1  matter of law." Fed. R. Civ. P. 56(c).

2         Under summary judgment practice, the moving party
3  always bears the initial responsibility of informing the district court
   of the basis for its motion, and identifying those portions of "the
4  pleadings, depositions, answers to interrogatories, and admissions
   on file, together with the affidavits, if any," which it believes
5  demonstrate the absence of a genuine issue of material fact.

6  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the

7  nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

8  judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

9  to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered,

10 after adequate time for discovery and upon motion, against a party who fails to make a showing

11 sufficient to establish the existence of an element essential to that party's case, and on which that

12 party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof

13 concerning an essential element of the nonmoving party's case necessarily renders all other facts

14 immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as

15 whatever is before the district court demonstrates that the standard for entry of summary

16 judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

17        If the moving party meets its initial responsibility, the burden then shifts to the

18 opposing party to establish that a genuine issue as to any material fact actually does exist. See

19 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to

20 establish the existence of this factual dispute, the opposing party may not rely upon the

21 allegations or denials of its pleadings but is required to tender evidence of specific facts in the

22 form of affidavits, and/or admissible discovery material, in support of its contention that the

23 dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

24 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

25 of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

26 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On March 2, 2004, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

II. <u>Plaintiff's Allegations</u>[2]

Plaintiff claims his rights under the Eighth Amendment and under the Americans With Disabilities Act (ADA) are being violated by prison officials' failure to house plaintiff in a cell by himself. Plaintiff asserts he has a mental problem that causes him to get into fights with cellmates, and prison officials are demonstrating deliberate indifference to plaintiff's safety by not celling him alone.

III. <u>Eighth Amendment</u>

Under the Eighth Amendment, prison officials have a duty to "take reasonable measures to guarantee the safety of the inmates." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1991) (quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984)). To prove an Eighth Amendment claim for failure to protect an inmate from violence, the inmate must show that he was incarcerated under conditions posing a "substantial risk of serious harm," and that a prison official displayed "deliberate indifference" to that risk. <u>Id</u>. at 834. Defendant argues, among other things, that there is no genuine issue of material fact with respect to whether any prison official is being deliberately indifferent to plaintiff's safety by not celling him alone.

"[R]unning a prison is an inordinately difficult undertaking that requires expertise, planning and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." <u>Turner v. Safley</u>, 482 U.S. 78, 84-85 (1987). For this reason, the court must afford deference to the administrative decisions of prison officials. <u>Id</u>.

From the record, it appears that plaintiff was last examined by a mental health professional on February 17, 2004 when plaintiff arrived at Pelican Bay State Prison. Mem. P. & A. in Supp. Mot. for Summ. J. (MSJ), Ex. A at 82. The professional noted at that time that

---

[2] Plaintiff asserts three causes of action in his June 18, 2003 amended complaint. Am. Compl. at 8-9. The first cause of action was dismissed by order of the district judge on April 8, 2005. Plaintiff's second and third causes of action remain active.

plaintiff had no mental health needs and that plaintiff did not wish to participate in any sort of mental health treatment program. Id. Plaintiff fails to point to any evidence suggesting this is not an accurate assessment of plaintiff's current condition. Plaintiff himself provides evidence indicating that on October 26, 2004 he appeared before a classification committee and was found to be free of mental health services needs. Opp'n at 7 & Ex. A at 73. At that hearing, plaintiff also indicated he would abstain from violence. Id., Ex. A at 73.

The record before the court contains evidence indicating plaintiff has been involved in three altercations with cellmates over the last six years.[3] These events occurred in October 1999, id., Ex. A at 3-5, October 2002, id., Ex. A at 30-32, and January 2003, MSJ, Ex. A at 66. But plaintiff fails to present any evidence suggesting these incidents were due to a mental illness. After the 2002 incident, plaintiff was reported by a mental health professional as having no signs of psychosis. Id., Ex. A at 65. With respect to January 2003 incident, the correctional officer who responded to the fight said both inmates strongly smelled of alcohol. Id., Ex. A at 66. A clinician who examined plaintiff shortly after this fight indicated that plaintiff did not suffer from psychosis and was stable without taking medication. Id., Ex. A at 67.

Plaintiff has presented evidence from early 2002 indicating that various Department of Corrections health officials have thought that plaintiff suffers from some sort of mental impairment, Opp'n, Ex. A at 14-15, 42, but defendant presents ample evidence with his motion suggesting plaintiff does not currently suffer from a mental illness. See MSJ at 3-9, Ex. A.

Considering the record before the court, there is no evidence creating a triable fact as to whether the Director or any other prison official is being deliberately indifferent to plaintiff's safety by housing plaintiff in a cell with another person. In plaintiff's most recent

---

[3] Plaintiff also presents evidence indicating that he has been involved in two additional altercations. Pl.'s Decl. in Supp. of Opp'n (Pl.'s Decl.) at ¶¶ 31-32; Opp'n, Ex. A at 1-2. But plaintiff fails to provide evidence that either altercation was with a cellmate.

5

evaluation he was found not to be mentally ill.  Plaintiff has not sought mental health treatment nor has it been determined that he should be subjected to treatment against his will.  Plaintiff has presented nothing that should cause the Director or any other person making custodial decisions about plaintiff to disregard the opinion of the mental health professional that evaluated plaintiff, and nothing suggesting that failure to disregard the opinion of that professional amounts to deliberate indifference.  Defendant should be granted summary judgment with respect to plaintiff's Eighth Amendment claim.

IV.  ADA

Plaintiff claims that his being celled alone is mandated by the ADA.  While defendant does not challenge plaintiff's ADA claim,[4] plaintiff cannot prevail on this claim.

Persons covered by the ADA are:

> individual[s] with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meet . . . the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131.

Assuming, for the sake of argument, that plaintiff's disability is that he is mentally ill, plaintiff is still not covered by the ADA in this instance because he is not seeking participation in a "program" or "activity," or the "receipt of services."  See Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998) (prison related "programs," "services," or "activities" under 42 U.S.C. § 12131 include, for example, recreational activities, medical services, educational programs, vocational programs and contact visitation).  Even if single-celling could loosely be described as a program or activity from which plaintiff is denied

---

[4] In his reply to plaintiff's opposition defendant acknowledges that plaintiff alleges an ADA claim and asserts the claim fails.  Defendant presents no law in support of his position.  In any case, it is not appropriate to make new arguments in a reply.  Lujan v. National Wildlife Fed., 497 U.S. 871, 894-95 (1990).

participation, or a service plaintiff does not receive, plaintiff does not allege, nor does any evidence before the court suggest, that plaintiff is being denied participation or the receipt of services because of his purported disability. Therefore, plaintiff fails to state a claim upon which relief can be granted under the ADA. See Weinreich v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (to state a claim under the ADA, plaintiff must assert, among other things, that his disability is the reason he is excluded from participation in a program or activity, or denied a service).

In light of the foregoing the court will recommend, sue sponte, that plaintiff's ADA claim be dismissed for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2) (court has the authority to dismiss, at any time, claims brought by those proceeding in forma pauperis for, among other things, failure to state a claim upon which relief can be granted).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant's November 5, 2004 motion for summary judgment be granted;

2. Defendant be granted summary judgment as to plaintiff's Eighth Amendment claim; and

3. Plaintiff's Americans with Disabilities Act claim be dismissed with prejudice for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

/////

/////

/////

/////

1 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections 2 shall be served and filed within five days after service of the objections. The parties are advised 3 that failure to file objections within the specified time may waive the right to appeal the District 4 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 DATED: March 7, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1
butl0903.57